In Re: Appeal of Brethren Village, a Pennsylvania Nonprofit Corporation, From the Decision of the Lancaster County Board of Assessment Appeals on the 1977 Assessment of Real Estate for Tax Purposes. Lancaster County Board of Assessment Appeals, Appellant.

Argued December 7, 1978, before Judges CRUMLISH, JR., MENCER and CRAIG, sitting as a panel of three.

*Paul K. Allison*, with him *Carl G. Herr*, and *Herr, Kirchner, Greer & Herr*, for appellant.

*Richard P. Nuffort*, with him *Geisenberger, Zimmerman, Pfannebecker & Gibbel*, for appellee.

OPINION BY JUDGE CRAIG, May 4, 1979:

This is an appeal by Lancaster Board of Assessment Appeals from the order of the Court of Common Pleas of Lancaster County, directing that it grant to Brethren Village an exemption from all local real estate taxes as to certain residence cottages.

This Court has previously considered the tax status of similarly situated cottage programs for the elderly. After a careful review of the record, we find that the court below was correct in holding "that the case at bar falls within the rule set forth in the Lutheran Social Services case and that the cottages should be exempt from taxation." In that case, *Lutheran Social Services, Adams County, Pennsylvania v. Adams County Board for Assessment and Revision of Taxes,* 26 Pa. Commonwealth Ct. 580, 364 A. 982 (1976), Judge BLATT's opinion indicated that the "critical difference," weighting the scales in favor of exemption, was the continued right of the resident, once the admission fee was paid, to remain an occupant of the cottage entitled to all the services offered by the home, despite future financial hardship. Thus, the cottage program was operated as an integral part of the home, entitled to exemption from local real estate taxes.

Testimony indicates that, as in *Lutheran Social Services, supra,* once a resident is admitted to the Brethren Village cottage program, continued rights of occupancy and access to all programs and facilities of the Home are guaranteed to the residents; the total cost of maintaining a resident is subsidized, to whatever extent may become necessary, by the home.

Therefore, we affirm the May 4, 1977 order of the Court of Common Pleas of Lancaster County on the able unreported opinion of President Judge W. HENSEL BROWN.

### ORDER

AND Now, this 4th day of May, 1979, the order of the Court of Common Pleas of Lancaster County dated May 4, 1977, entering judgment for appellant, Brethren Village, and directing that the Lancaster County Board of Assessment Appeals grant to appellant an exemption from all local real estate taxes as to the cottages here at issue, is hereby affirmed on the unreported opinion of President Judge W. HENSEL BROWN, of record at Trust Book No. 43, p. 470, Court of Common Pleas of Lancaster County.